# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

In re:
ANTHONY D. KOEPP and
AMY M. KOEPP,
          Debtors.

Case No. 12-C-0605
Bankr. Case No. 11-35119

## ORDER

On April 4, 2012, debtors Anthony D. Koepp and Amy M. Koepp, proceeding pro se, filed a notice of appeal from an order of the bankruptcy court dated April 3, 2012. In that order, the bankruptcy court denied the Koepps' motion to reinstate their Chapter 13 bankruptcy case and granted the motion of Enterprise Credit Union, one of the Koepps' creditors, to bar the Koepps from filing another bankruptcy case for one year. The appeal was docketed on the district-court docket on June 13, 2012, and it was assigned to me.

Upon reviewing this case, I have noticed a problem. Although the Chapter 13 trustee has been designated as the appellee, it appears that he is not the appropriate appellee. In the bankruptcy court, it was Enterprise Credit Union that opposed the debtors' motion to reinstate the case and made the motion to bar the debtors from filing another bankruptcy case for one year, and thus Enterprise Credit Union appears to be the proper appellee. However, contrary to Federal Rule of Bankruptcy Procedure 8001(a), the debtors did not in their notice of appeal identify Enterprise Credit Union as a party to the order appealed from. Thus, Enterprise Credit Union has not been designated as an appellee and has not been served with notice that the debtors initiated this appeal. To correct this problem, I will instruct the Clerk of Court to designate Enterprise Credit Union as an appellee. In the bankruptcy court, Enterprise Credit Union was represented by Mark

C. Darnieder of Darnieder & Geraghty, and so the Clerk should provide Mr. Darnieder with copies of this order and all other papers filed in this appeal. The Clerk should also provide the Chapter 13 trustee with copies of the same materials, in case he wishes to participate in this appeal.

Another problem is that the Koepps have not filed a brief. Under Federal Rule of Bankruptcy Procedure 8009(a), an appellant must file a brief within 14 days after the entry of the appeal on the docket. The appeal in this case was entered on the docket on June 13, 2012, and so the Koepps' brief was due by June 27, 2012. I will instruct the Koepps to file their brief and serve it on Enterprise Credit Union and the Chapter 13 trustee by September 7, 2012. If the Koepps do not file and serve their brief by that date, I will assume that they are no longer interested in pursuing this appeal and will dismiss it. If the Koepps file a brief by that date, the parties shall file their remaining briefs in accordance with Rule 8009(a).

Accordingly, **IT IS ORDERED** that the Clerk designate Enterprise Credit Union as an appellee in this case and provide its counsel with copies of this order and all other papers filed in this appeal. The Clerk shall also provide the Chapter 13 trustee with copies of the same materials.

**IT IS FURTHER ORDERED** that the Koepps have until **September 7, 2012** to file their brief.

Dated at Milwaukee, Wisconsin, this 23rd day of August 2012.

s/ Lynn Adelman

LYNN ADELMAN
District Judge